UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KORODNEY JONES,    )
                   )
        Plaintiff, )
                   )
    vs.            )    16-3218
                   )
LARRY BECK, *et al.*, )
                   )
        Defendants. )

MERIT REVIEW ORDER

The plaintiff, proceeding pro se, a pretrial detainee in the Sangamon County Jail, was granted leave to proceed *in forma pauperis*.  This case is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).  The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that on August 4, 2015, he was attempting to restrain another inmate to "defuse" a situation when the inmate and others beat him, fracturing his jaw.  (Compl. p. 5.)  The plaintiff claims that Warden Beck is responsible for security, but does not indicate that the Warden had advance notice of the altercation.  The plaintiff alleges that Nurse Tracy Hammett "allowed" his gums and mouth to heal improperly.  (Compl. p. 6.)  He also alleges that Lieutenant Loftus did not allow security to take him off the grounds to the doctor "in time."  (Compl. p. 6.)  The plaintiff asserts that Nurse Dan, as the head nurse, is responsible for all of the care rendered at the jail.

The Court interprets the plaintiff's complaint as stating a claim for deliberate indifference but fails to provide enough detail to allege that any of the defendants were deliberately indifferent.  Furthermore, the plaintiff attempts to allege claims against Warden Beck and Head Nurse Dan merely for their supervisory roles over others.  A defendant cannot be held liable under 42 U.S.C. § 1983 unless a plaintiff can demonstrate the defendant caused or participated in the alleged constitutional violation.  *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).  The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).  Plaintiff's case is dismissed, with leave to refile in conformity with this Order.

The Court noted at the hearing that Plaintiff has been in pretrial detention for approximately two years.  It is unclear whether Plaintiff has asserted his state court rights to a speedy trial.  Ill. Const. 1970, art. I, § 8 ("[i]n criminal prosecutions, the accused shall have the right * * * to have a speedy public trial by an impartial jury").  *People v. O'Quinn*, 339 Ill. App. 3d 347, 353, 791 N.E.2d 1066, 1071 (2003).  It is also unknown to the Court whether the apparent trial delays were attributable to Mr. Jones.  *See O'Quinn v. Spiller*, 806 F.3d 974, 978 (no prejudice to speedy trial rights where delay was attributable to defendant).  Accordingly, the Court brings the matter to Mr. Jones's attention and takes no further action.

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is hereby dismissed with leave to plead over.  The plaintiff may file an amended complaint, within thirty (30) days of this order, that states, with specificity, who was responsible for the alleged deprivation, and how that defendant was deliberately indifferent to the plaintiff.  In short, plead more facts.  If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

ENTERED this 19th day of September, 2016.

/s/ Harold A. Baker
───────────────────────────────
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE